## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL J. HOUSTON,           )
                                 )
          Plaintiff,         )
                                 )
       v.              )         No. 4:23-CV-1717 RLW
                                 )
BRYAN L. HETTENBACH, et al.,    )
                                 )
         Defendants.     )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is the motion of Plaintiff Michael J. Houston, a prisoner, for leave to proceed in forma pauperis in this civil action.  The Court has reviewed the motion and the accompanying inmate account statement, and has determined to grant the motion and assess an initial partial filing fee of $41.50.  In addition, the Court will dismiss this action at this time, and deny Plaintiff's remaining pending motions.

## I.  28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has filed an inmate account statement that shows an average monthly deposit of $207.50, and an average monthly balance of $145.30.  The Court therefore assesses an initial partial filing fee of $41.50, twenty percent of Plaintiff's average monthly deposit.

## II.  Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

2

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## III.  Background

The following information is relevant to the claims Plaintiff raises in the Complaint.  The information is taken from public records published on Missouri Case.net in Plaintiff's Missouri State criminal case, *State v. Michael Joseph Houston,* No. 1222-CR05611-01 (22nd Jud. Cir., City of St. Louis, 2012).  This Court takes judicial notice of these public state records.  *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007).

In December 2012, Plaintiff was charged by indictment with forcible rape (Count I), forcible sodomy (Count II), and kidnapping (Count III).  The Honorable Bryan L. Hettenbach originally presided over the case, and the Honorable Edward W. Sweeney, Jr. later presided over the case.  At different points during the pendency of the case, Plaintiff was represented by defense attorneys Letitia M. Lee, Annette Llewellyn, and Matthew Shellenbergar.  In October 2013, Detective Andre Smith was subpoenaed to give testimony.

A jury trial began on April 1, 2014, with Judge Sweeney presiding.  The State was represented by Assistant Circuit Attorney Jenniffer Matthew, and Plaintiff was represented by

3

Attorney Letitia Lee.  On April 3, 2014, the jury returned guilty verdicts on all three counts.  On May 16, 2014, Judge Sweeney sentenced Plaintiff to concurrent life sentences on Counts I and II, and a fifteen-year consecutive sentence on Count III.  Plaintiff's convictions and sentences were affirmed on appeal.  *See State v. Houston*, 474 S.W.3d 599 (Mo. Ct. App. 2015).  At present, Plaintiff is incarcerated at the Potosi Correctional Center.

## IV.  The Complaint

On or about December 26, 2023, Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against Judges Hettenbach and Sweeney; Assistant Circuit Attorney Matthew; criminal defense attorneys Llewellyn, Lee, and Shellenbargar; and Detective Smith.  Plaintiff specifies that he sues Llewellyn, Lee, and Shellenbargar in their individual capacities, and sues the remaining defendants in their official capacities.  All of Plaintiff's claims against all of the Defendants are based on their alleged wrongdoing during the proceedings in *State v. Michael Joseph Houston* that caused Plaintiff to be wrongfully arrested, convicted, and sentenced to prison. Plaintiff specifies that the events giving rise to his claims occurred in 2012, 2013, and 2014.  More specifically, Plaintiff alleges as follows.

Judge Hettenbach made decisions and rulings in Plaintiff's case that "injured Mr. Houston an[d] caused a conviction."  (ECF No. 1 at 6).  Matthew caused Plaintiff to be indicted on false evidence, and used false testimony to convict him.  Llewellyn failed to protect Plaintiff's federal constitutional rights, and committed fraud by participating in discovery to introduce false evidence against Plaintiff.  Smith lied to Plaintiff, and lacked probable cause to arrest him.  Shellenbargar failed to investigate exculpatory evidence, including DNA evidence, another person's social media page, and other matters.  Lee lied to Plaintiff about matters, including about getting a continuance to investigate DNA evidence and prepare a defense, and failed to

4

question witnesses.  All of that caused Plaintiff to be convicted and sentenced to prison.  Judge Sweeney lied about various matters in Plaintiff's case and treated him unfairly, allowed the admission of inadmissible evidence, and committed other wrongdoing while presiding over Plaintiff's case.

Plaintiff also writes:

I did not receive medical treatment for, my mental pain, of my family, and friends, trust in my attorneys, and the prosecutor, the Judge and the police officer to tell me that it didn't matter, and violated my rights with false information.  The years I been incarcerated, My 29.15 been altered, 2254, State-interference, This is a continuing of pain, and, I have a chip tooth, blurry eyes, a swollen prostrate, teeth are decaying, jaw pains, back pains

*Id.* at 14.[1]  Plaintiff makes no attempt to describe an unsuccessful attempt to obtain medical care, or identify any person he believes wrongfully denied him medical care.

As relief, Plaintiff seeks an award of damages in the amount of $5,000,000.  Plaintiff also asks this Court to "Remit the discovery, and release Plaintiff from guilt or penalty …" and "refer for consideration" certain matters from his State criminal case, such as "DNA Analysis document adduce at trial inadmissible."  (ECF No. 1 at 15).  It is not entirely clear what Plaintiff means by any of that, but to the extent he asks this Court to change, overrule, or otherwise disturb a decision of the Missouri Circuit Court in *State v. Michael Joseph Houston,* No. 1222-CR05611-01, he is not entitled to such relief in this 42 U.S.C. § 1983 case.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (federal habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).  Therefore, monetary relief is the only plausible form of relief that Plaintiff seeks.

---

[1] The text is quoted verbatim without correction of errors.

## V. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

For the reasons explained below, the Court finds that this action is subject to dismissal because Plaintiff's claims are barred by *Heck v. Humphrey*. Even if *Heck* did not apply, this action would be subject to dismissal because it is apparent from the face of the Complaint that the statute of limitations has run. Even if this action was timely and Plaintiff's claims were not barred by *Heck,* this action would be subject to dismissal because the Complaint fails to state a valid claim against any of the Defendants. The Court now addresses these matters in turn.

### A. *Heck v. Humphrey,* 512 U.S. 477 (1994)

All of Plaintiff's claims against all of the Defendants are based on their alleged wrongdoing in the matter *State v. Michael Joseph Houston,* No. 1222-CR05611-01, and Plaintiff seeks to hold the Defendants liable for causing him to be wrongfully arrested, convicted, and sentenced to prison. As stated above, monetary relief is the only plausible form of relief Plaintiff seeks. The Supreme Court has held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his convictions, sentences, or continued imprisonment unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

In this case, ruling in Plaintiff's favor on any of his claims would necessarily imply the invalidity of his criminal convictions or sentences. Plaintiff does not aver, nor does it appear, that his convictions or sentences have been reversed, expunged, or called into question by the

6

issuance of a writ of habeas corpus.  Therefore, the Court concludes that this action is barred by *Heck v. Humphrey,* 512 U.S. 477.

### B.  Statute of Limitations

The claims Plaintiff asserts in the Complaint arise from his 2014 Missouri State court criminal convictions.  Plaintiff specifies that the events giving rise to his claims occurred in 2012, 2013, and 2014.  He did not institute this action until December 26, 2023.

Section 1983 claims are analogous to personal injury claims, and are subject to Missouri's five-year statute of limitations.  *See Sulik v. Taney County, Mo*., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).  It is clear from the face of the Complaint that Plaintiff instituted this action well after the expiration of the statute of limitations.  Therefore, this action is subject to dismissal because it is untimely.  *See Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court may properly dismiss complaint when it is apparent that statute of limitations has run).

### C.  Judges Sweeney and Hettenbach

Plaintiff sues Judges Sweeney and Hettenbach in their official capacities, and can be understood to identify them as Missouri Circuit Court judges.  A claim against a public official in his official capacity is merely another way of pleading an action directly against the governmental entity that employs him.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (Official capacity claims are "functionally equivalent to a suit against the employing governmental entity.").  Consequently, the Court interprets Plaintiff's official capacity claims against Judges Sweeney and Hettenbach as seeking to impose liability upon the State of Missouri.  *See id.*

The Eleventh Amendment confers immunity from suit upon un-consenting states, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), and bars claims for money damages against

state employees sued in an official capacity.  *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).  There are exceptions when Congress has statutorily abrogated such immunity, or when a state waives its immunity.  However, neither exception applies here.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 68 (1989) (concluding that § 1983 did not abrogate a state's immunity); Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).  Therefore, Plaintiff's official capacity claims against Judges Sweeney and Hettenbach are barred by the Eleventh Amendment.  Plaintiff's official capacity claims also fail because Judges Sweeney and Hettenbach would not be considered "persons" for purposes of this § 1983 suit.  *See Will*, 491 U.S. at 71 (State officials acting in their official capacities are not "persons" for purposes of a § 1983 suit); *West,* 487 U.S. at 48 (To state a claim under 42 U.S.C. § 1983, a plaintiff must establish, *inter alia,* that the alleged deprivation was committed by a person acting under color of state law).

If Plaintiff had sued Judges Sweeney and Hettenbach in their individual capacities, they would be immune from suit.  Because judicial officers should be free to act upon their own convictions when exercising the authority vested in them, judicial immunity immunizes them from suit.  *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020).  There are some situations in which judicial immunity does not apply.  Judicial immunity does not apply to non-judicial actions.  *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir.1982). Additionally, judicial immunity does not apply to actions taken in the complete absence of jurisdiction.  *Duty*, 42 F.3d at 462.

In this case, Plaintiff does not accuse Judges Sweeney or Hettenbach of taking any non-judicial action, and he does not assert, nor does it appear, that either judge acted in the complete

absence of jurisdiction.  Accordingly, Judges Sweeney and Hettenbach would be immune from suit.  Allegations of improper motive would not save Plaintiff's claims.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("judicial immunity is not overcome by allegations of bad faith or malice").

### D.  Prosecuting Attorney Matthew

Plaintiff sues Matthew in her official capacity, and can be understood to identify her as an Assistant Circuit Attorney employed by the City of St. Louis.  As stated above, asserting a claim against a public official in her official capacity is another way of pleading a claim directly against the governmental entity that employs her.  *See Hafer*, 502 U.S. at 25.  Consequently, the Court interprets Plaintiff's official capacity claims against Matthew as seeking to impose liability upon the City of St. Louis.

Plaintiff's claims fail because his allegations do not establish that Matthew committed any constitutional violation pursuant to an official custom, policy, or practice of the City of St. Louis.  *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978) (describing a municipal liability claim), *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).  To the extent Plaintiff can be understood to seek to impose liability upon the Office of the Circuit Attorney, such claims fail because the Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983.  *See Stockley v. Joyce*, 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (citing cases).

Had Plaintiff sued Matthew in her individual capacity, his claims would also fail. Plaintiff's claims against Matthew are based on actions she took while initiating and pursuing a criminal prosecution, and representing the State of Missouri during trial.  Matthew would be absolutely immune from such claims.  *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while

initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).   Allegations of improper motive would not save Plaintiff's claims.  *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from suit even if he knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence).

### E.  Detective Smith

Plaintiff sues Detective Smith in his official capacity, and can be understood to identify him as a Detective employed by the City of St. Louis Police Department.  Consequently, the Court interprets Plaintiff's official capacity claims against Smith as seeking to impose liability upon the City of St. Louis.  *See Hafer,* 502 U.S. at 25.

Plaintiff's claims fail because Plaintiff's allegations do not establish that Smith committed any constitutional violation pursuant to an official custom, policy, or practice of the City of St. Louis.  *See Monell,* 436 U.S. at 690–92 (describing a municipal liability claim); *Moyle*, 571 F.3d at 817.  To the extent Plaintiff can be understood to seek to impose liability upon the St. Louis City Police Department, such claims fail because municipal departments, like police departments, are not legal entities amenable to suit under 42 U.S.C. § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

### F.  Defense Attorneys Llewellyn, Lee, and Shellenbergar

Plaintiff sues his former criminal defense attorneys Llewellyn, Lee, and Shellenbergar in their individual capacities, and alleges they committed misconduct while serving as his defense

counsel in *State v. Michael Joseph Houston,* No. 1222-CR05611-01.  Plaintiff alleges nothing permitting the inference that Llewellyn, Lee, or Shellenbergar's allegedly wrongful actions fell outside the scope of the traditional functions of counsel.

As noted above, one of the elements of a valid § 1983 claim is that the alleged deprivation was committed by a person acting under color of state law.  *West,* 487 U.S. at 48.  Criminal defense attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel.  *Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing traditional functions as counsel); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").  Consequently, Plaintiff cannot state a valid § 1983 claim against Llewellyn, Lee, or Shellenbergar.

### G.  Other Statements in the Complaint

In the Complaint, Plaintiff states he "did not receive medical treatment for, my mental pain, of my family, and friends, trust in my attorneys, and the prosecutor, the Judge and the police officer to tell me that it didn't matter, and violated my rights with false information." (ECF No. 1 at 14).[2]  Plaintiff's statements cannot be liberally construed as an attempt to state an Eighth Amendment claim, or any other constitutional claim, against any of the named Defendants or against anyone who could be identified as a defendant.

## VI.  Conclusion

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, and even if they were not, this action would be subject to dismissal as untimely.  In addition, as explained above, the Court

---

[2] The text is quoted verbatim without correction of errors.

finds that Plaintiff's allegations would not state viable § 1983 claims against any of the Defendants, or against any person who could be identified as a defendant.

The Court cannot envision an amendment to the Complaint that would cause it to state a valid claim for relief.   Therefore, the Court will dismiss this action at this time, without prejudice.   The Court will also deny as moot Plaintiff's motion seeking the appointment of counsel (ECF No. 4), and his two motions in which he can be understood to ask this Court to prepare a record of documents from *State v. Michael Joseph Houston,* No. 1222-CR05611-01, and grant him additional time for unspecified purposes.  (ECF Nos. 9 and 10).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $41.50.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.   A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions (ECF Nos. 9 and 10) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>31st</u> day of January, 2024.